IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL L. ARCHER, )
)
)
      Plaintiff, )
)
v. ) No.  CIV-01-1856-L
)
STAN FLORENCE, et al., )
)
      Defendants. )

## O R D E R

On April 13, 2004, the court issued an Order granting motions to dismiss presented by various defendants, but granting plaintiff leave to amend his claim asserting deliberate indifference to his serious dental needs.  In addition, the court denied motions to dismiss that portion of plaintiff's First Amendment claim that asserted denial of a religious diet.  The court appointed counsel for defendant on April 27, 2004.  Defendant, through counsel, filed his Second Amended Civil Rights Complaint on June 9, 2004.  The deliberate indifference claim is asserted against defendants Jeff McConnell, Bill Daugherty, and Jim Peak, while the First Amendment claim is asserted only against McConnell and Peak.[1]

This matter is before the court on cross-motions for summary judgment. Summary judgment is appropriate if the pleadings, affidavits, and depositions "show

---

[1]There is a discrepancy regarding the spelling of defendant Peak's last name.  In papers filed prior to his motion for summary judgment, the name was spelled "Peak".  In the motion for summary judgment, it is spelled "Peek".  As no motion to correct the style of the case has been filed, the court uses the spelling reflected on the Second Amended Civil Rights Complaint.

that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In accordance with this standard, the court has reviewed the parties' motions and exhibits. Based on that review, the court concludes that – with the exception of the official capacity claims – summary judgment is not appropriate. This case is

replete with factual issues on which the credibility of the parties will be determinant. With respect to plaintiff's deliberate indifference claim, the fundamental premise on which defendants base their motions for summary judgment is hotly contested. Defendants assert that plaintiff refused treatment by Dr. Jonathon V. Thomas on December 1, 1999. In support of this contention, defendants offer Dr. Thomas's affidavit in which he states he offered to pull plaintiff's tooth, but plaintiff indicated he wanted to save the tooth and avoid extraction. Affidavit of Jonathon V. Thomas, D.D.S. at ¶ 4. Dr. Thomas's statement that plaintiff wanted to save the tooth, however, is contrary to plaintiff's written request for medical treatment in which he stated "I need at least one tooth extracted." Exhibit 3 to Plaintiff Michael L. Archer's Motion for Summary Judgment. In addition, plaintiff claims Dr. Thomas "told me he was not qualified to extract the tooth. He stated that a [sic] oral surgeon would have to extract the tooth." Affidavit of Michael L. Archer at ¶ 6. This statement is consistent with Dr. Thomas's chart note that he advised plaintiff "if he desires extraction he will need to see an oral surgeon." Exhibit 5 to Plaintiff Michael L. Archer's Motion for Summary Judgment. In his deposition and affidavit, plaintiff testified he suffered severe pain for more than six months after seeing Dr. Thomas and that he repeatedly asked each of the defendants for dental care. Defendants deny that plaintiff requested care from them, but that is not an issue the court can resolve at this juncture. Furthermore, while defendants concede that "a tooth cavity

may be a serious medical need",[2] they fail to recognize that the "severe decay" Dr. Thomas diagnosed in December 1999 is, in fact, the very definition of a cavity. Furthermore, under Tenth Circuit precedent "pain itself can be considered substantial harm resulting from delay, giving rise to a cause of action for deliberate indifference." Stack v. McCotter, 79 Fed. Appx. 383, 389 (10th Cir. 2003). Plaintiff has presented sufficient evidence to create genuine issues about both the objective and the subjective components of his Eighth Amendment claim. Likewise, with respect to the First Amendment claim, the parties offer differing testimony regarding whether plaintiff requested special meals consistent with his religious tenets. The court cannot resolve this dispute at the summary judgment stage.

The court, however, grants summary judgment in favor of defendants on the official capacity claims. Plaintiff did not respond to defendants' motions for summary judgment on these claims and defendants' arguments are well-taken. None of the defendants is the official policymaker for Grady County. See 19 O.S. § 513. Defendants are therefore entitled to judgment as a matter of law on any claims asserted against them in their official capacities.

In sum, Plaintiff Michael L. Archer's Motion for Summary Judgment (Doc. No. 270) is DENIED. Defendants' Motions for Summary Judgment (Doc. Nos. 264, 265,

---

[2] See, e.g., Defendant Jim Peek's Reply to Plaintiff's Response to his Motion for Summary Judgment at 7.

and 266) are GRANTED with respect to claims asserted against them in their official capacities and DENIED in all other respects.

It is so ordered this 7th day of December, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge